UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
BARUCH COLEMAN,                                         :
                                                        :
                              Plaintiff,                :
                                                        :       **OPINION AND ORDER**
              - against -                               :
                                                        :       **08 Civ. 5085 (SAS)**
BROKERSXPRESS, LLC,                                     :
OPTIONSXPRESS HOLDINGS, INC,                            :
GARY A. MARTINO,                                        :
BARRY S. METZGER,                                       :
HILLARY VICTOR,                                         :
BLAINE SCHWARTZ,                                        :
THOMAS E. STERN, and                                    :
NED W. BENNETT,                                         :
                                                        :
                              Defendants.               :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

      Pro se plaintiff Baruch Coleman brings this action against brokersXpress, LLC, its parent company optionsXpress Holdings, Inc., and various individual employees of these entities, claiming violations of his rights under both federal and state law. Specifically, Coleman asserts that brokersXpress terminated its employment relationship with him because of his religion and

1

retaliated against him for engaging in "protected activities."[1] Defendants move to dismiss Coleman's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion is granted.

## II. BACKGROUND

In February 2007, Coleman commenced employment as a securities broker with brokersXpress,[2] a registered securities broker-dealer.[3] Prior to February 2007, Coleman had been similarly employed by Synergy Investment Group, LLC.[4] In a March 15, 2007 disclosure to the Financial Industry Regulatory Authority ("FINRA") regarding the termination of Coleman's employment, Synergy described a complaint against Coleman by a customer named Bram.[5] According to the disclosure, Bram's complaint against Coleman sought $100,000 in compensatory damages.[6] Yet according to Coleman, Bram transferred her

---

[1] Complaint ("Compl.") ¶ 10.

[2] *See id.* ¶ 15.

[3] *See* Memorandum in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 1.

[4] *See* Compl. ¶ 22.

[5] *See id.* ¶ 28.

[6] *See id.*

2

account from Synergy to brokersXpress and continued to use Coleman as her investment advisor after the alleged complaint was filed.[7]

As a result of the March 15, 2007 disclosure by Synergy, FINRA initiated an investigation into the Bram complaint.[8] After receiving a letter on September 12, 2007 from FINRA regarding the investigation, brokersXpress decided during the Rosh Hashana holiday to terminate its relationship with Coleman.[9] Coleman was informed of the termination upon returning to work after having observed the holiday.[10]

According to Coleman, he subsequently called brokersXpress employee Barry Metzger, who promised to reinstate Coleman if he responded to the September 12, 2007 FINRA letter, as well as an earlier letter from FINRA by September 21, 2007.[11] While Coleman responded to both letters by September 21, 2007,[12] he was informed again during the Yom Kippur holiday that he was not

---

[7] *See id.* ¶ 30.

[8] *See id.* ¶ 33.

[9] *See id.* ¶¶ 37-38.

[10] *See id.* ¶ 38.

[11] *See id.* ¶ 46.

[12] *See id.* ¶ 50.

3

being reinstated despite Metzger's promise to the contrary.[13]

On June 3, 2008, Coleman brought this suit seeking damages for employment discrimination based on his religion. In his Complaint, he asserts that defendants discriminated against him "because of his religion and failed to accommodate him despite their awareness of his religious commitments"[14] in violation of Title VII of the Civil Rights Act of 1964 and New York State and City law. He also claims that defendants violated Title VII and New York State and City law by retaliating against him "for cooperating with the NASD/FINRA investigation."[15]

## III. LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "'accept as true all of the factual allegations contained in the complaint'"[16] and "draw all reasonable inferences in

---

[13] *See id* ¶ 52.

[14] *Id.* ¶ 69.

[15] *Id.* ¶ 70.

[16] *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1975 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002)).

4

the plaintiff's favor."[17] Moreover, as Coleman is appearing pro se, this Court will "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'"[18]

Before the Supreme Court decided *Bell Atlantic v. Twombly*, courts generally granted a motion to dismiss under Rule 12(b)(6) when it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[19] In *Twombly*, however, the Court abandoned the *Conley* standard.[20] Rather, a complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'"[21] in order to survive a motion to dismiss.

---

[17] *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[18] *Weixel v. Board of Educ. of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

[19] *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[20] *See Twombly*, 127 S. Ct. at 1969.

[21] *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). *Accord Erickson v. Pardus*, , — U.S. —, 127 S. Ct. 2197, 2200 (2007) (per curiam) (noting that plaintiffs must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") ( quoting *Twombly*, 127 S. Ct. at 1955).

Although the complaint need not provide "detailed factual allegations,"[22] it must nonetheless "amplify a claim with some factual allegations . . . to render the claim plausible."[23] "[B]ald assertions and conclusions of law will not suffice."[24]

## IV. DISCUSSION

### A. Count I: Title VII Discrimination Claim

Title VII of the Civil Rights Act of 1964 ("Title VII") makes employers liable for employment discrimination based on "race, color, religion, sex, or national origin."[25] While Coleman asserts that brokersXpress discharged him because of his religion in violation of Title VII, he fails to plead any facts suggesting that his discharge was tied to his religion in any way.

In his Complaint, Coleman asserts that he was terminated during one Jewish holiday, Rosh Hashana,[26] and that he was informed of the decision not to

---

[22] *Twombly*, 127 S. Ct. at 1970; .

[23] *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

[24] *Law Offices of Curtis V. Trinko, LLP v. Bell Atlantic Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (citation omitted).

[25] *Richardson v. Commission on Human Rights and Opportunities*, 532 F.3d 114 (2d Cir. 2008) (quoting 42 U.S.C. § 2000e-2(a)).

[26] *See* Compl. ¶ 37.

6

reinstate him during another Jewish holiday, Yom Kippur.[27] He also asserts that in terminating him, brokersXpress discriminated against him "because of his religion"[28] and "on the basis of his religion."[29] Yet these are simply conclusory allegations. "Put simply, Coleman alleges little more than that he is Jewish[] and that he was terminated."[30] There are no facts in his Complaint from which one could infer that Coleman was dismissed because of his religion.

Before *Twombly* was decided, federal courts disagreed whether claims asserting only conclusory allegations could avoid dismissal.[31] The Second Circuit held in 1996 that conclusory allegations were insufficient to avoid a motion to dismiss,[32] and it reaffirmed that view in 2006.[33] The Supreme Court has now explicitly held that conclusory allegations are inadequate, as *Twombly* requires a plaintiff to state in her complaint "[f]actual allegations [sufficient] to

---

[27] *See id.* ¶ 52.

[28] *See id.* ¶ 69.

[29] *See id.* ¶ 76.

[30] Def. Mem. at 4.

[31] *See Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91, 99 (E.D.N.Y. 2004) (discussing this disagreement).

[32] *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

[33] *See Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 344 (2d Cir. 2006) (citing *Leeds*, 85 F.3d at 53).

raise a right to relief above the speculative level."[34] Because Coleman offers only conclusory statements in support of his Title VII discrimination claim, that claim is dismissed.

### B. Claim II: Title VII Retaliation

Coleman also asserts that brokersXpress and the other defendants violated section 2000e-3(a) of Title 42 of the United States Code, which prohibits an employer from discriminating against any employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter . . . ."[35]

In support of this claim, Coleman asserts that "[d]efendants retaliated against [him] for cooperating with the NASD/FINRA investigation due to their fear of involvement and perceived exposure after the complaining customer opened an account at BrokersXpress [sic]."[36] Yet Title VII does not protect employees who participate in any event that can be characterized as an investigation. Rather, it only protects participants "in investigation[s],

---

[34] *Twombly*, 127 S. Ct. at 1965.

[35] 42 U.S.C. § 2000e-3(a).

[36] Compl. ¶ 70.

8

proceeding[s], or hearing[s] *under this subchapter*. . ."[37] — that is to say, related to employment discrimination. While Coleman filed a complaint with the Equal Employment Opportunity Commission and subsequently filed this suit alleging discrimination[38] — actions which constitute "protected participation or opposition under Title VII"[39] — both these actions were taken after Coleman was terminated by brokersXpress in September 2007. Accordingly, brokersXpress could not have retaliated against Coleman for contacting the EEOC or filing this suit. Regardless, Coleman's Complaint only alleges retaliation for participating in the FINRA investigation.

Under *Twombly,* a plaintiff must offer some factual support for her allegations in order to survive a motion to dismiss.[40] Yet Coleman's retaliation claim makes no mention of his participation in, or initiation of, an employment discrimination investigation before he was terminated and is based only on conclusory allegations. Thus, his retaliation claim is dismissed.

---

[37] *Id.* § 2000e-3(a) (emphasis supplied). *See also Kessler v. Westchester Cty. Dept. Of Soc. Svsc.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (noting that the first element of a Title VII retaliation claim is that the plaintiff "engaged in protected participation or opposition under Title VII").

[38] *See* Def. Mem. at 8.

[39] *Kessler*, 461 F.3d at 205-06.

[40] *See Twombly*, 127 S. Ct. at 1965.

9

## C. Counts III, V, and VI: State and City Law Discrimination Claims

Coleman also alleges that brokersXpress violated New York Executive Law section 296(1)(a)[41] and New York City Administrative Code Title 8, section 8-107[42] by terminating him on the basis of his religion. He alleges that brokersXpress also violated section 8-107 by forbidding him from observing a religious holiday. According to the Second Circuit, courts should examine claims under these statutes "with the same analytical lens as corresponding Title VII-based claims."[43]

As discussed above, Coleman alleges no facts connecting his religion to his termination by brokersXpress. Moreover, the allegations in his Complaint are completely in conflict with the claim that brokersXpress prevented Coleman from observing a religious holiday, for Coleman acknowledges that he did in fact

---

[41] N.Y. Exec. Law. § 296(1)(a). In Count III of his Complaint, Coleman quoted N.Y. Exec. Law. § 296(1)(a), a law regarding discrimination, yet cited to N.Y. Exec. Law. § 291(1)(a), a law regarding "equality of opportunity." The Court, like the defendants, assumes that Coleman intended to refer to section 296. *See* Def. Mem. at 5.

[42] 8 New York City Admin. Code § 8-107.

[43] *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000)).

observe the Rosh Hashana and Yom Kippur holidays.⁴⁴ In short, Coleman offers the same conclusory statements in support of his state and city law discrimination claims that were insufficient under *Twombly* to support his Title VII discrimination claims. Coleman's state and city discrimination claims are also insufficient for the same reasons discussed earlier. Accordingly, Claims III, V, and VI are dismissed.

### D. Counts IV and VII: State and City Law Retaliation Claims⁴⁵

In Count IV of his Complaint, Coleman alleges that the defendants violated New York Executive Law section 296(1)(e).⁴⁶ In Count VII, Coleman alleges retaliation in violation of section 8-107(7) of Title 8 the New York City Administrative Code. Coleman asserts that brokersXpress and the other defendants violated these laws by "discriminating against Plaintiff on the basis of his religion."⁴⁷ As defendants note, "[i]t appears that Coleman, in preparing the

---

⁴⁴ *See* Compl. ¶ 37 (noting that defendants "could not reach [Coleman] while he was observing the Jewish holiday"); Compl. ¶ 52 (noting that Coleman was "traveling with his wife . . . to observe Yom Kippur").

⁴⁵ 8 N.Y. Admin. Code § 8-107(7).

⁴⁶ N.Y. Exec. Law. § 296(1)(e). As in Count III, Coleman in Count IV quotes one law (New York Executive Law section 296(1)(e)) yet cites to another law (New York Executive Law section 291(1)(e)). The Court, like the defendants, assumes that Coleman intended to refer to section 296. *See* Def. Mem. at 9.

⁴⁷ Compl. ¶ 86.

11

Complaint, may have simply cut-and-pasted his allegation of discrimination from Count I . . . ."[48] I assume that "Coleman intended to allege [in Count IV] retaliation for opposing a discriminatory practice."[49]

Like Title VII, the laws under which Coleman seeks relief in Counts IV and VII can only be violated when an employer retaliates against an employee's participation in a proceeding related to employment discrimination.[50] While Coleman alleges retaliation in response to the FINRA investigation,[51] he makes no allegations regarding retaliation in response to his participation in an employment discrimination proceeding. As discussed above, retaliation claims must contain some factual allegations in order to survive a motion to dismiss. Because Coleman's state and city law claims include no such factual support, they are hereby dismissed.

---

[48]   Def. Mem. at 9.

[49]   *Id.*

[50]   *See* N.Y. Exec. Law. § 296(1)(e) (providing that it is unlawful for an employer to discriminate against an employee who has "filed a complaint, testified or assisted in any proceeding *under this article"*) (emphasis supplied); 8 N.Y. Admin. Code § 8-107(7) (making it unlawful for an employer to retaliate against an employee who "filed a complaint, testified or assisted in any proceeding *under this chapter*") (emphasis supplied).

[51]   *See* Compl. ¶ 70.

12

## V. CONCLUSION

For the foregoing reasons, defendants' motion is granted. Nonetheless, pro se plaintiffs should generally be permitted to amend their complaints prior to dismissal for failure to state a claim "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."[52] Because it is possible that Coleman could successfully amend his Complaint to state a cognizable claim, he is granted leave to replead. An Amended Complaint must be filed within thirty (30) days of the date of this Order. If no such Amended Complaint is filed, the Clerk of the Court will be directed to close this case. The Clerk of the Court is directed to close this motion (Docket # 4).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 30, 2008

---

[52] *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999).

## -Appearances-

**Plaintiff (pro se):**

Baruch Coleman
51 Legion Place
Closter, NJ 07624


**For Defendants:**

John P. LoPresti, Esq.
45 Broadway, Suite 2200
New York, NY 10006
(212) 732-4029

Harris L. Kay, Esq.
Henderson & Lyman
175 West Jackson Boulevard, Suite 240
Chicago, IL 60604
(312) 986-6960