UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
BARUCH COLEMAN,                                         :
                                                        :
                    Plaintiff,                          :
                                                        :       **OPINION AND ORDER**
        - against -                                     :
                                                        :       08 Civ. 5085 (SAS)
                                                        :
BROKERSXPRESS, LLC,                                     :
OPTIONSXPRESS HOLDINGS, INC,                            :
GARY A. MARTINO,                                        :
BARRY S. MELTZER,                                       :
HILLARY VICTOR,                                         :
BLAINE SCHWARTZ,                                        :
THOMAS E. STERN, and                                    :
NED W. BENNETT,                                         :
                                                        :
                    Defendants.                         :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/09

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.      INTRODUCTION

        Pro se plaintiff Baruch Coleman brings this action against

brokersXpress, LLC ("brokersXpress"), its parent company optionsXpress

Holdings, Inc. ("optionsXpress"), and various individual employees of these

entities, claiming violations of his rights under both federal and state law.

Specifically, Coleman asserts in his Amended Complaint that brokersXpress

terminated its employment relationship with him because of his religion and

1

retaliated against him for engaging in "protected activities."[1] Defendants move to dismiss Coleman's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion is granted.

## II.  BACKGROUND

In February 2007, Coleman commenced employment as a securities broker with brokersXpress,[2] a registered securities broker-dealer.[3] Prior to February 2007, Coleman had been similarly employed by Synergy Investment Group, LLC.[4] In a March 15, 2007 disclosure to the Financial Industry Regulatory Authority ("FINRA") regarding the termination of Coleman's employment, Synergy described a complaint against Coleman by a customer named Bram.[5] According to the disclosure, Bram's complaint against Coleman sought $100,000 in compensatory damages.[6] Yet according to Coleman, Bram transferred her

---

[1]  Amended Complaint ("Compl.") ¶ 10.

[2]  *See id.* ¶ 15.

[3]  *See* Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint ("Def. Mem.") at 1.

[4]  *See* Compl. ¶ 22.

[5]  *See id.* ¶ 30.

[6]  *See id.*

account from Synergy to brokersXpress and continued to use Coleman as her investment advisor after the alleged complaint was filed.[7]

As a result of the March 15, 2007 disclosure by Synergy, FINRA initiated an investigation into the Bram complaint.[8] FINRA sent Coleman several letters containing requests for documents and other information.[9] BrokersXpress received copies of these letters and defendant Blaine Schwartz, an officer of brokersXpress, helped Coleman respond to the first three letters.[10] During Rosh Hashanah, the Jewish New Year, brokersXpress received a fourth letter from FINRA dated September 12, 2007.[11] When Coleman returned to work on Monday following the holiday and the weekend, he was informed that he had been terminated.[12] He alleges that defendants made this decision during Rosh Hashanah,[13] which lasted from nightfall on September 12 (Wednesday) to nightfall

---

[7] See id. ¶ 32.

[8] See id. ¶ 35.

[9] See id. ¶¶ 36, 39.

[10] See id.

[11] See id. ¶ 39.

[12] See id. ¶ 43.

[13] See id. ¶¶ 39-40.

on September 14 (Friday). Coleman further alleges that his termination resulted from his inability to respond to the September 12, 2007 FINRA letter while observing the Jewish holiday.[14]

Coleman alleges that he subsequently called defendant Barry S. Metzger,[15] an officer of brokersXpress, who promised to reinstate him if he responded to the September 12, 2007 FINRA letter and an earlier letter from FINRA by September 21, 2007 (Friday).[16] Coleman timely responded to both letters.[17] Just before the beginning of the Yom Kippur holiday, at 4:30 p.m. on Friday, September 21, 2007, defendants Hillary Victor (corporate counsel for optionsXpress), Thomas E. Stern (an officer of brokersXpress), and Gary A. Martino (Chief Operating Officer of brokersXpress) notified Coleman "that he had in fact been terminated despite their earlier assurances."[18]

---

[14] *See id.* ¶ 40.

[15] The caption of the Amended Complaint names a Barry S. Meltzer as a defendant, *see id.* at 1, but then refers to a Metzger, not a Meltzer. *See, e.g., id.* ¶ 53. Defendants' Memorandum refers to a Metzger but not a Meltzer, as does their Notice of Motion. *See* Def. Mem., at 1, 12; Notice of Motion to Dismiss by Defendants at 1.

[16] *See Compl.* ¶¶ 56, 58.

[17] *See id.* ¶ 59.

[18] *Id.* ¶ 61.

Coleman filed an employment discrimination Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 4, 2008.[19] Coleman alleges for the first time in his Amended Complaint that defendants retaliated against him for filing the EEOC Charge by adding defamatory information to the Form U5 it had originally filed some time after February 4, 2008.[20] Although Coleman does not explicitly describe the original Form U5 or when it was filed, brokersXpress was required to file this form within thirty days of Coleman's termination to comply with FINRA By-Laws.[21] After Coleman filed the EEOC Charge, brokersXpress justifiably amended Coleman's Form U5 because the EEOC Charge precipitated an EEOC investigation.[22] Moreover,

---

[19] *See id.* ¶¶ 71, 105; Dismissal and Notice of Rights, Ex. A to Compl.

[20] *See id.* FINRA requires its member firms to complete a Form U5 for terminated employees no later than thirty days after termination. FINRA By-Laws, Ex. B to Def. Mem., Sec. 3. A Form U5 must also be filed when a "former associated person is the subject of a regulatory investigation, internal review, regulatory action, or a customer complaint that concerns 'events that occurred while the individual was employed by or associated with your firm . . . . [and] which alleged that the individual was involved in one or more sales practice violations.'" Def. Mem. at 10-11; Form U5, Ex. A to Def. Mem., at 5.

[21] FINRA By-Laws, Ex. B to Def. Mem., Sec. 3.

[22] *See* Def. Mem. at 10-11; Form U5, Ex. A to Def. Mem., at 5; Dismissal and Notice of Rights, Ex. A to Compl. (showing that the EEOC conducted an investigation in response to Coleman's Charge).

Coleman does not provide the content of the defamatory language added to the Form U5.

On June 3, 2008, Coleman brought this suit seeking damages for employment discrimination based on his religion. The Court dismissed Coleman's original Complaint with leave to replead.[23] In his Amended Complaint, filed November 28, 2008, Coleman asserts that defendants discriminated against him "on the basis of his religion by . . . failing to accommodate him for his religious practices"[24] in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State and City law. He also claims that defendants violated Title VII and New York State and City law by retaliating against him "after he filed a charge with the EEOC."[25]

## III. LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "'accept as true all of the factual

---

[23] *See Coleman v. brokersXpress LLC*, No. 08 Civ. 5085, 2008 WL 4778675, at *4 (S.D.N.Y Oct. 31, 2008).

[24] *Compl.* ¶ 99.

[25] *Id.* ¶ 105.

allegations contained in the complaint'"[26] and "draw all reasonable inferences in the plaintiff's favor."[27] Moreover, as Coleman is appearing pro se, this Court will "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'"[28]

Before the Supreme Court decided *Bell Atlantic v. Twombly*, courts generally granted motions to dismiss under Rule 12(b)(6) when it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[29] In *Twombly*, however, the Court abandoned the *Conley* standard.[30] Rather, a complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'"[31] in order to survive a motion to dismiss.

---

[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1975 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

[27] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[28] *Weixel v. Board of Educ. of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

[29] *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[30] *See Twombly*, 127 S. Ct. at 1969.

[31] *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). *Accord Erickson v. Pardus*, 551 U.S. 89,

Although the complaint need not provide "detailed factual allegations,"[32] it must nonetheless "amplify a claim with some factual allegations . . . to render the claim *plausible*."[33] "[B]ald assertions and conclusions of law will not suffice."[34]

## IV. DISCUSSION

### A. Count I: Title VII Discrimination Claim

Title VII makes employers liable for employment discrimination based on "'race, color, religion, sex, or national origin.'"[35] While Coleman asserts that brokersXpress discharged him because of his religion in violation of Title VII, he fails to plead any facts suggesting that his discharge was tied to his religion in any way.

In his Amended Complaint, Coleman asserts that defendants decided

---

127 S. Ct. 2197, 2200 (2007) (per curiam) (noting that plaintiffs must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") ( quoting *Twombly*, 127 S. Ct. at 1955).

[32] *Twombly*, 127 S. Ct. at 1970; .

[33] *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

[34] *Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (citation omitted).

[35] *Richardson v. Commission on Human Rights and Opportunities*, 532 F.3d 114, 119 (2d Cir. 2008) (quoting 42 U.S.C. § 2000e-2(a)).

to terminate him during one Jewish holiday, Rosh Hashana,[36] and that he was notified that he had in fact been terminated during another Jewish holiday, Yom Kippur.[37] He also asserts that defendants "punished him for observing the Jewish holiday [Rosh Hashana] when he was unable to respond to the [September 12, 2007 FINRA] letter."[38] He alleges that he was discriminated against "because of his religion"[39] and "on the basis of his religion."[40] Yet these are merely conclusory statements. "'Put simply, Coleman alleges little more than that he is Jewish[] and that he was terminated.'"[41] There are no facts in his Amended Complaint from which the Court can infer that Coleman was dismissed because of his religion. Because Coleman offers only conclusory statements in support of his Title VII discrimination claim, that claim is dismissed.

### B. Count II: Title VII Retaliation

---

[36] *See* Compl. ¶ 40.

[37] *See id.* ¶ 61.

[38] *Id.* ¶ 40.

[39] *Id.* ¶ 97.

[40] *Id.* ¶ 99.

[41] *Coleman*, 2008 WL 4778675, at *4 (quoting Defendants' Memorandum in Support of Defendants' Motion to Dismiss [original complaint] at 4).

9

Coleman also asserts that brokersXpress and the other defendants violated section 2000e-3(a) of Title 42 of the United States Code, which prohibits an employer from discriminating against any employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter . . . ."[42] In support of this claim, Coleman alleges for the first time in his Amended Complaint that defendants retaliated against him for filing a discrimination Charge with the EEOC by amending his Form U5 to add defamatory information.[43]

Coleman's retaliation claim fails for two alternative reasons. *First*, Coleman filed the EEOC Charge after his termination. "Accordingly, brokersXpress could not have retaliated against Coleman for contacting the EEOC."[44] *Second,* under *Twombly,* a plaintiff must offer some factual support for his allegations in order to survive a motion to dismiss.[45] Although the complaint need not provide "detailed factual allegations,"[46] it must nonetheless "amplify a

---

[42] 42 U.S.C. § 2000e-3(a).

[43] *See* Compl. ¶ 70.

[44] *Coleman*, 2008 WL 4778675, at *3.

[45] *See Twombly*, 127 S. Ct. at 1965.

[46] *Id.* at 1970 .

10

claim with some factual allegations . . . to render the claim *plausible*."[47]

Coleman has failed to amplify his claim with any allegations from which a court could determine that a claim of retaliation based on the filing of an amended Form U5 is plausible. Thus, the retaliation claim is dismissed.

### C.   Counts III, V, and VI: State and City Discrimination Claims

Coleman also alleges that brokersXpress violated New York Executive Law section 296(1)(a)[48] and New York City Administrative Code Title 8, section 8-107, by terminating him on the basis of his religion. He alleges that brokersXpress also violated section 8-107 by forbidding him from observing a religious holiday. According to the Second Circuit, courts should examine claims under these statutes "with the same analytical lens as corresponding Title VII-based claims."[49]

Coleman offers the same conclusory statements in support of his state

---

[47]   *Iqbal*, 490 F.3d at 157-58 (emphasis in original).

[48]   In Count III of his Amended Complaint, Coleman again quoted N.Y. Exec. Law § 296(1)(a), a law regarding discrimination, while citing to N.Y. Exec. Law § 291(1)(a), a law regarding "equality of opportunity." The Court again assumes that Coleman intended to refer to section 296. *See Coleman*, 2008 WL 4778675, at *3 n.41.

[49]   *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000)).

and city law discrimination claims that are insufficient under *Twombly* to support his Title VII discrimination claims. Accordingly, Claims III, V, and VI are dismissed.

### D.    Counts IV and VII: State and City Retaliation Claims

In Count IV of his Amended Complaint, Coleman alleges that the defendants violated New York Executive Law section 296(1)(e).[50] In Count VII, Coleman alleges retaliation in violation of section 8-107(7) of Title 8 the New York City Administrative Code. Coleman asserts that brokersXpress and the other defendants violated these laws by "discriminating against Plaintiff on the basis of his religion."[51]

Like Title VII, the laws under which Coleman seeks relief in Counts IV and VII are violated only when an employer retaliates against an employee for complaining of employment discrimination.[52] While Coleman alleges retaliation

---

[50]   In Count IV of his Amended Complaint Coleman again quotes one law (N.Y. Exec. Law § 296(1)(e)) while citing to another law (N.Y. Exec. Law § 291(1)(e)). The Court again assumes that Coleman intended to refer to section 296. *See Coleman*, 2008 WL 4778675, at *3 n.46.

[51]   Compl. ¶ 116.

[52]   *See* N.Y. Exec. Law § 296(1)(e) (providing that it is unlawful for an employer to discriminate against an employee who has "filed a complaint, testified or assisted in any proceeding *under this article*") (emphasis supplied); 8 N.Y. Admin. Code § 8-107(7) (making it unlawful for an employer to retaliate against

in response to the employment discrimination Charge he filed with the EEOC,[53] as discussed earlier, Coleman filed this Charge after his termination, which precludes a finding of retaliation. Further, the allegation is conclusory. Retaliation claims must contain some factual allegations in order to survive a motion to dismiss. Because Coleman's state and city claims include no such factual support, they are dismissed.

---

an employee who "filed a complaint, testified or assisted in any proceeding *under this chapter*") (emphasis supplied).

[53]     *See* Compl. ¶ 105.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. The Clerk of the Court is directed to close this case and this motion (Document # 9).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 4, 2009

## -Appearances-

**Plaintiff (pro se):**

Baruch Coleman
51 Legion Place
Closter, NJ 07624

**For Defendants:**

John P. LoPresti, Esq.
45 Broadway, Suite 2200
New York, NY 10006
(212) 732-4029

Harris L. Kay, Esq.
Henderson & Lyman
175 West Jackson Boulevard, Suite 240
Chicago, IL 60604
(312) 986-6960