USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
BARUCH COLEMAN,                                         :
                                                        :
                            Plaintiff,                  :
                                                        :     **OPINION AND ORDER**
           - against -                                  :
                                                        :     08 Civ. 5085 (SAS)
BROKERSXPRESS, LLC,                                     :
OPTIONSXPRESS HOLDINGS, INC,                            :
GARY A. MARTINO,                                        :
BARRY S. MELTZER,                                       :
HILLARY VICTOR,                                         :
BLAINE SCHWARTZ,                                        :
THOMAS E. STERN, and                                    :
NED W. BENNETT,                                         :
                                                        :
                            Defendants.                 :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.  **INTRODUCTION**

On February 4, 2009, this Court granted defendants' motion to dismiss Baruch Coleman's Amended Complaint alleging workplace discrimination and retaliation.[1] Coleman now seeks reconsideration of this decision and requests leave to file a second amended complaint.

II. **LEGAL STANDARD**

---

[1] *Coleman v. brokersXpress*, No. 08 Civ. 5085, 2009 WL 275474 (S.D.N.Y. Feb. 4, 2009).

-1-

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[4]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[5] Local Rule 6.3 must

---

[2] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[3] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[4] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[5] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court

be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[6] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[7] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[8] nor is it a substitute for appeal.[9]

## III. DISCUSSION

Coleman claims that this Court erred because the Court incorrectly applied the motion to dismiss standard from *Bell Atlantic Corp. v. Twombly*.[10] He

---

on the underlying motion sought to be reconsidered.").

[6] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[7] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[8] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[9] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

[10] 500 U.S. 544 (2007).

argues that *Twombly* governs only antitrust cases and does not apply in this employment case. In the Second Circuit, however, the *Twombly* standard is applied to all motions made pursuant to Federal Rule of Civil Procedure 12(b)(6).[11] Additionally, Coleman fails to point to any controlling decisions or facts that the Court may have overlooked. Therefore, Coleman's motion for reconsideration is denied.

Coleman also requests leave to file a second amended complaint containing additional causes of action. The Amended Complaint did not remedy the deficiencies in the original Complaint even though this Court fully explained these deficiencies when granting the motion to dismiss the original Complaint. While leave to amend should be freely granted,[12] neither the court nor defendants should be required to respond to repeated amendments in the absence of a proffer demonstrating that a defect can be cured. Plaintiff has made no such showing. As a result, amendment would be futile.[13] Accordingly, Coleman's request to file a

---

[11] *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (incorporating the *Twombly* standard).

[12] *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999).

[13] *See Foman*, 371 U.S. at 182 (listing futility as a reason for denying amendment).

second amended complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, Coleman's motion for reconsideration and request to file a second amended complaint are denied. The Clerk of the Court is directed to close this motion (docket no. 14) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 3, 2009

## -Appearances-

**Plaintiff (pro se):**

Baruch Coleman
51 Legion Place
Closter, NJ 07624


**For Defendants:**

John P. LoPresti, Esq.
45 Broadway, Suite 2200
New York, NY 10006
(212) 732-4029

Harris L. Kay, Esq.
Henderson & Lyman
175 West Jackson Boulevard, Suite 240
Chicago, IL 60604
(312) 986-6960